AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                   **ORDER OF DETENTION PENDING TRIAL**

_____GARY MATTHEWS_____          Case Number: 07-20072-13-JWL-DJW
                *Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 5, 2007                        s/ David J. Waxse
                                              *Signature of Judicial Officer*

                                              DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                              *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Gary Matthews
Criminal Action 07-20072-13-JWL-DJW

## Part II - Written Statement of Reasons for Detention

The law gives me a set of factors to determine whether or not you should be detained or released. I have to determine whether there are conditions that will reasonably assure your appearance and the safety of any other person in the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense involves a crime of violence, or a controlled substance, or a firearm. In this case there are allegations at least that your crime involves controlled substances and firearms, so those are negative factors.

The next factor is the weight of the evidence. There has been a Grand Jury review of the evidence and a finding of probable cause, so that is a negative.

The next factor is the person's characteristics and history. That includes your character and physical and mental condition. There is nothing about those three that I see cause you a problem.

Family ties would be a positive.

Employment would be a positive.

Financial resources are not resolved in my mind because I thought we had appointed counsel to represent you, but then I hear that your father left you substantial money to enable you to take vacations. I am not sure what your financial circumstances are, so we will leave that one as neutral.

Your length of residence in the community is positive.

Your community ties are positive.

Your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, is both good and bad. Obviously you have the prior charges that have been discussed. You have the pending charges that we have

talked about.  You have prior drug and alcohol abuse, with the assertion that there is no current drug or alcohol abuse.  You clearly have a failure to appear but you have tried to explain why that occurred.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release.  Clearly you were because the state charge was in 2006 and these charges allegedly occurred in 2007.

The final factor is the nature and seriousness of the danger to any person of the community that would posed by your release.  Taking all those factors into consideration this is a close call.  In close calls the law has set up this presumption that says if it is a close call then you need to be detained.  It is presumed when you are facing a mandatory minimum of ten years that it has to be really clear that you should be released.  So I am going to require that you remain detained.