IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                                     **Case No. 07-20072-13-JWL**

**Gary Matthews,**

    **Defendant.**

## **MEMORANDUM & ORDER**

In January 2008, Mr. Matthews entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine. The court sentenced Mr. Matthews to 120 months imprisonment. Mr. Matthews did not file a direct appeal and did not move to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. This matter is presently before the court on Mr. Matthews' request for a copy of his sentencing transcript (doc. 590) in contemplation of a habeas petition. Mr. Matthews seeks to obtain a copy at no charge but asserts that he is willing to pay the fee to obtain a copy if necessary.

To the extent Mr. Matthews seeks a copy at no cost, the motion is denied. Under 28 U.S.C. § 753(f), the government shall pay the fees for transcripts in a § 2255 proceeding if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). Because Mr. Matthews has no current pending motion, and because he has failed to articulate in his request for the transcript any bases for his anticipated habeas petition, Mr. Matthews has not satisfied the requirements of § 753(f). *See id.* Moreover, because Mr.

Matthews has not yet filed a habeas petition (and because a transcript of Mr. Matthews' sentencing hearing has never been prepared and does not presently exist in the record), Mr. Matthews cannot avail himself of the specific statute that grants indigent petitioners "documents" or "parts of the record" without cost.  *See* 28 U.S.C. § 2250.

With respect to Mr. Matthews' assertion that he is willing to pay for a copy of his sentencing transcript, the court will direct the Clerk of the Court to ascertain the cost of obtaining a transcript of Mr. Matthews' sentencing hearing and to provide that information to Mr. Matthews as soon as practicable, along with any additional information Mr. Matthews would need to obtain the transcript, such as a mailing address for payment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Matthews' request for a copy of the sentencing transcript (doc. 590) is **denied.**

**IT IS SO ORDERED.**

Dated this 3rd day of July, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge